UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAT HOR, | ) |
| | ) |
| Petitioner, | ) Case No. C11-240-RSL-BAT |
| | ) |
| v. | ) |
| | ) **REPORT AND** |
| JANET NAPOLITANO, Secretary of the United | ) **RECOMMENDATION** |
| States Department of Homeland Security, *et al.*, | ) |
| | ) |
| Respondents. | ) |

On February 11, 2011, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting that this Court order respondents to release him from custody under conditions of supervision. (Dkt. No. 6.) On March 29, 2011, however, respondents filed a Motion to Dismiss along with documentation, which indicates that petitioner was removed to Cambodia on March 7, 2011. (Dkt. No. 13, Ex. 1.) Respondents contend that petitioner's claim for relief has been mooted by his removal to Cambodia, and request that this habeas corpus action be dismissed as moot. *Id*.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner was removed to

REPORT AND RECOMMENDATION - 1

1  Cambodia and is no longer in custody, the Court finds that petitioner's habeas petition is moot

2  and should be dismissed.  *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir.

3  1992)(holding that the District Court properly dismissed plaintiff's claims that had become either

4  moot or unripe).  A proposed Order accompanies this Report and Recommendation.

5      DATED this 31st day of March, 2011.

/s/

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2